Elizabeth PINNER, formerly known
as Elizabeth M. Cutrone,
Plaintiff–Appellee,

v.

BUDGET MORTGAGE BANKERS,
LTD., Defendant–Appellant.

No. 04–6157–cv.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2006.

David M. Lira, Garden City, New York,
for Plaintiff–Appellee.

Michael S. Winokur, Forest Hills, New
York, for Defendants–Appellees.

PRESENT: Hon. WALKER, Chief
Judge, Hon. RALPH K. WINTER, and
Hon. DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Budget Mortgage
Bankers, Ltd. ("Budget") appeals from a
final judgment dated September 20, 2004,
entered in the United States District
Court for the Eastern District of New
York (Arthur D. Spatt, *Judge*) awarding
$4,000 in punitive damages, $31,041.75 in
attorneys fees, and $624.90 in costs to
plaintiff-appellee Elizabeth Pinner, who
prevailed on a Title VII retaliation claim
against Budget at a jury trial. Budget
argues that Pinner had no objective basis
to believe that she had been subject to
sexual harassment and that Pinner's su-
pervisors could not reasonably have un-
derstood her complaints to them as com-
plaints regarding activity prohibited by
Title VII. Therefore, she could not have
established a prima facie case of retalia-
tion and Budget is entitled to judgment as

a matter of law. We assume familiarity with the facts and procedural history, and we affirm the district court's order.

To establish a prima facie case of retaliation, a plaintiff must show, *inter alia,* that she engaged in a protected activity. *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998). To establish that she engaged in a protected activity, a plaintiff must show only that she had a good faith, reasonable belief that the conduct of her employer about which she complained violated Title VII. *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 769 (2d Cir.1998). The reasonableness of the plaintiff's belief that she was subject to sexual harassment must be assessed in light of the totality of the circumstances. *Galdieri–Ambrosini,* 136 F.3d at 292. Considering the evidence in the light most favorable to Pinner, it was not unreasonable for her to believe that she had been a victim of sexual harassment in the workplace by her boss's father.

A prima facie case of retaliation also requires the employer to be aware of the protected activity. *Id.* "Implicit in [this] requirement is the requirement that [the employer] understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Id.* Just as a reasonable person could believe that Pinner's situation might qualify as sexual harassment, a reasonable supervisor would understand her complaints about that situation as complaints about sexual harassment. Pinner's boss effectively admitted as much by describing Pinner's complaint as one that "my father had other intentions besides the ring. She assumed my father had other reasons." A reasonable supervisor

would understand that this is a complaint about behavior prohibited by Title VII.

We have carefully considered appellant's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the United States District Court for the Eastern District of New York is hereby **AFFIRMED.**